Good morning, Your Honors, and may it please the Court, I'm Daniel Walfish for Appellant Imran Husain. I'd like to reserve four minutes for rebuttal. The plain text of the statute controls this case. The maximum penalty here was the gross amount of pecuniary gain to Husain. But there was no evidence whatsoever that Husain's pecuniary gain was 1.7 plus million. On the contrary, the SEC proffered no proof at all of his gain. Not only that, it was undisputed that the scheme proceeds went to third parties and not to Husain. And Husain preserved his challenge. The District Court found it preserved to the point of repetitive unreconsideration. It appears not only in his summary judgment reply brief, as the SEC acknowledges, it also appears in his initial summary judgment brief. He said at SER 60, quote, the SEC has not provided any evidence as to Mr. Husain's pecuniary gain. And even before that, the SEC admitted in its own opening summary judgment brief, quote, Husain disputes the amount of proceeds received. That's at ER 161. So the District Court made a very serious error when it said, quote, his gross pecuniary gain of $1,757,000 is undisputed. There was literally no record support for that and there is no statutory basis for equating aggregate scheme proceeds to individual gain. And that error opened the door to a series of other errors. This was a mammoth, record-breaking maximum penalty for conduct that the SEC acknowledged had no victims and caused no losses. These were regulatory violations. And while certainly not commendable, and Husain has taken responsibility for them, they don't fall anywhere close to the extreme end of the spectrum in terms of severity for SEC violations. When you think about Ponzi schemes, theft of client funds, insider trading, accounting fraud, and the rest, it's not even close. Nothing about this case would have suggested that the maximum penalty was called for. And then there's the shocking disparity between the judgment imposed on Husain and the one imposed for the same violations on his co-defendant, Greg Jacklin, who is at least equally culpable, if not more so. It's a basic principle of justice that like cases should be treated alike. But the SEC and the district court somehow allowed Jacklin to settle for $40,000 total. Husain's penalty was 43 times larger. There is no explanation for this disparity, and it's yet another indication that the district court abused its discretion here. So we respectfully request that the panel vacate the penalty portion of the judgment and remand for further proceedings. I can elaborate on various points in our brief or answer any questions that the panel has, but I think what I'll do is turn to the second half of our brief. The district court committed a series of errors when it set the penalty at what it believed was the maximum. The first was not to explain at all why the maximum was required. It simply said, well, the same factors that support an injunction support a penalty. The SEC is asking for an amount of penalty that the district court thought incorrectly represented Husain's pecuniary gain. Can I interrupt you for a moment just on standard of review? So on the district court selection of the amount, are we reviewing for abuse of discretion? Yes, Your Honor. The standard of review here is a little complex. So the ultimate amount will be reviewed for abuse of discretion, but the predicates underlying that, the factual predicates as well as the legal rulings antecedent to that here are going to be reviewed de novo. The construction of the statute, de novo. The application of the summary judgment to the record here, whether there in fact was any evidence of pecuniary gain and whether gain was or was not genuinely disputed, those determinations made in summary judgment are reviewed de novo. But if those... So on the second tier, the district court picked the second tier of penalties, and we have cases saying that you review the C enter component of the statute, involve fraud, deceive, manipulation, or reckless disregard for whether there's a genuine issue material fact on a summary judgment. But I didn't see a case saying that the question of whether the civil penalty exceeds the gross amount of pecuniary gain to such defendant was also reviewed under the summary judgment standard to see if there's a genuine issue material fact. Is there a case on point, or are you just reasoning by force of law? It's the latter. Your Honor is correct. Your Honor, I think, is referring to SEC versus M&A West. I know Your Honor is familiar with that, Your Honor said on that panel, but that case stands squarely for the proposition that where a fact needs to be shown in order to support a penalty, and it comes on summary judgment. The district court summary judgment rulings are reviewed de novo, and that principle, which also appears in SEC versus CoraCorp, and also appears in SEC versus Murphy, that principle compels the conclusion that a determination that the gross pecuniary gain was X is reviewed if it comes up on summary judgment, and that's a factual question, as it was here. That's reviewed de novo. And here, once again, there was no evidence of pecuniary gain. For the district court to say that Hussain's gross pecuniary gain is undisputed was simply wrong. The SEC admitted from the get-go that receipt was disputed, and then it's in each one of the briefs. So those — If we disagree with your — you make several arguments. One is the legal argument that the gross amount of pecuniary gain is actually the net amount of pecuniary gain, because gain implies that it's a net of expenses. If we rejected that argument, is there still a dispute of fact as to the amount of pecuniary gain, the gross amount, to your client? Absolutely, Your Honor, because apart from this issue of expenses, and we're not pressing that issue particularly hard here on appeal, the issue is gross amount of pecuniary gain to whom. The statute says to such defendant. You have to first figure out who is obtaining the amount. And there is no showing here that Hussain obtained anything. Forget about expenses. So the statute requires that the district court satisfy itself that the defendant has, in fact, obtained these amounts. And the SEC proffered no evidence of it. So the government points to one concession, something about we sold these shells and we got some $1.6 million, something like that, and then your brief argues, well, you have to take that in context. He really didn't mean it. Yes, Your Honor. Not only that. So first of all, that was — that statement has to be construed in the light most favorable to Hussain. We're here on summary judgment. That statement doesn't say that the gains to Hussain are $1.6 million. It says — it's kind of unclear, by the way. It's responding to an allegation from the SEC about seven issuers and seven companies, seven shell companies. And then Hussain's answer says five. But he doesn't even say that it's the five that are within the limitations period, but set that to one side. Even if this is read as a statement that these five companies generated $1.6 million of proceeds, he's not saying that that's a gain to him. He's not saying how it's divided up between himself and Jaclyn. And even if we set all of that to one side, this concession, if that's what it was, would at most have supported a $1.6 million penalty, whereas the penalty here was $1.7 million plus the district court did not rely on paragraph 12 of the answer, which is the portion of the record that I think Your Honor is referring to. And the district court could not have relied on paragraph 12 of the answer to support this particular penalty. Thank you. I distracted you from your abuse of discretion argument. Yes. So the district court never explains why the maximum is required. The district court says a penalty is called for here. The amount that the SEC asks for seems to be allowed by the statute. We, of course, strenuously disagree, so I'll impose that amount without ever explaining as the statute required the district court to do because the statute says that the amount of the penalty shall be determined in light of the facts and circumstances. The amount shall be determined in light of the facts and circumstances. Is there any case requiring the district court to provide its reasoning on the record? Or are you saying that's just best practices? Well, it follows from a wealth of case law about the exercise of discretion. The exercise of discretion has to be explained. And there's lots of Ninth Circuit case law on that. Some of it in our brief. There are instances in which this court has sent cases back to the district court because it didn't adequately explain its reasoning for penalties, but it was not precedential, SEC versus Yang, the first time it came to the Ninth Circuit. But a failure, so we don't know whether this was a failure to exercise discretion, just rubber stamping the district court's request, or whether somehow the district court was thought that the maxim was required but didn't explain it. Either way, it would require a remand. I think it's the former. I don't think the district court exercised any independent judgment or discretion here. I think the district court just said, okay, we'll go with what the SEC is asking for. But the reality is that if the district court had applied the proper factors, not simply the Murphy test for an injunction which is ill-suited to determining the amount of a retributive sanction, but the correct factors, which includes an assessment of losses or the risk of losses caused to others, or the lack of those things as here, as well as the egregiousness of the conduct or the lack of egregiousness of the conduct, there's no way that a district court applying those factors could possibly have landed on the maximum. And those factors, it's agreed by every circuit that's considered this, which is the Second, the Seventh, the Tenth, recently the Fourth Circuit addressed it, too, and the Sixth Circuit have all said that you properly consider losses and lack of egregious or egregiousness, among other factors, in setting a penalty. I think... Did you want to reserve four minutes? Because you've got three now. Yes, Your Honor. Thank you. Okay, thank you. Good morning, Your Honor, and may it please the Court, Jeff Berger for the Securities and Exchange Commission. The district court properly ordered Mr. Hussain to pay a $1.757 million penalty after he repeatedly violated the securities laws in connection with his orchestration of a shell factory scheme. Hussain advances a slew of forfeited and unavailing arguments, none of which demonstrate that the district court made any error, let alone abused its discretion in ordering the penalty. And I think it's useful to hit on two points in light of what you asked, my friend. First of all, the standard here is abusive discretion. There's an abusive discretion standard. The fact that this was done during a summary judgment proceeding, where there's a de novo review of liability, doesn't change the fact that all the aspects of the penalty determination are an abusive discretion. So, we do have cases or a case that says for the Sienter piece, it's subject to summary judgment standards and an issue of material fact. Do you disagree with that? I disagree with that as to the penalty determination. But that's in determining whether it was second tier or not. That was in our case in SEC v. MAW. Right, but there's... Determining whether the second tier is applicable. I misunderstood. I misunderstood your question. Yes. If the question is whether there is Sienter by itself, which is also a factor or an element for liability, I would agree that that determination is going to bleed over. But there's no question here that this is properly a tier two penalty. So, in MAW, we said the tier two decision was, I think it was tier two, yeah, second tier, was subject to required an assessment of Sienter and on summary judgment, a district court must determine whether a genuine issue of material fact exists. So, this is clearly within the determination of whether the second tier is applicable or not. I disagree with that, Your Honor. There's no question he acted with Sienter in the sense that... Well, I'm asking you about the legal standard. Sure. In MAW. Right. We applied the summary judgment standard for the Sienter piece. Yes, as to that exact piece. So, my question was, does that also apply to the question of whether it does not exceed the gross amount of pecuniary gain to such defendant? No, it does not, Your Honor. And why is that? Is there a case that stands for that? There is no case supporting that that is a de novo review. And every case that I have been able to find across circuits reviews every element of that, including what is the amount of gross pecuniary gain... Okay, can you cite a case in determining second tier that said the gross amount of pecuniary gain to such defendant, so that part of the secondary tier is reviewed for abuse of discretion. What's your best case for that? I mean, I don't have a case that specifically discusses that. Okay, so it's an open question for us. I mean, I don't really think it's an open question because this court... But there's no case on point. I understand what I'm saying is what the courts have repeatedly said, including this court in cases like Feng, First Pacific Bank Court, Premier Holding. Does it apply the abuse of discretion standard to... For the amount of the penalty is what I've seen. Yes, I mean... I saw a lot of cases saying the amount of the penalty we review for abuse of discretion, but I didn't see a case talking about this, whether it was... What was the gross amount of pecuniary gain to such defendant? Right, but it makes sense that that would be reviewed for an abuse of discretion. Part of the abuse of discretion standard can encompass things like whether the record contained no evidence upon which the determination was made. Was there a clear error in reading that evidence? And I think it's important here to walk through what the district court based its... Basically, its acceptance of the binding judicial admission that the gross amount of pecuniary gain, the gross proceeds, was 1.787 million. Because that demonstrates why the district court did not abuse its discretion. And you can start with the complaint. The commission alleges that acting in concert, Hussain and Jacqueline sold seven shells and that Hussain obtained 2.25 million from that. Hussain then answers in paragraphs 12 and 97, and he admits that they realized gross proceeds of 1.6 million, and I'll get to why that number is different than 1.87 in a second. He admits that they, Hussain and Jacqueline, realized gross proceeds of 1.6 million and that expenses were paid from those proceeds, but he denies the idea that it's 2.25 million. Now, at paragraphs 22 to 26 of the amended answer, he admits that the sales prices actually totaled 1.787 million, which is why we get to that number. Now, I don't think there's any ambiguity there, but even if there was, we get to summary judgment and we look at the statements of undisputed fact. And I'm particularly looking at paragraphs 130 and 131. Hussain states that total gross proceeds for the five companies amounted to approximately 1.787 million, but that does not represent the profits realized to Mr. Hussain after costs and expenses. If you turn to his declaration at paragraphs 19 to 24, he states supposed expenses, costs, and other things, but he never disputes that gross proceeds number. In fact, in paragraph 24, he specifically says everything that came before in terms of that sequence of paragraphs is to describe my expenses in terms of figuring out net profits. So the issue is not what is the gross amount of pecuniary gain. The issue he's presenting is what are net profits. If you look at his summary judgment briefing, this is at SCR 56. He's arguing against the SEC's request of 1.757 million for both disgorgement and penalty. How does he describe that? He describes that as twice his gross receipts. Again, he is saying in the briefing to the court his gross receipts were 1.757 million. If you go to the summary judgment reply and the motion for reconsideration, the argument there is that gross proceeds should not equal net profits. Okay, so what this tells you is two things. First of all, the district court did not abuse its discretion by relying on what it viewed as a binding judicial admission in light of what was said in the answer and in light of what was presented during summary judgment. Is there a specific judicial admission or are you putting together certain statements and say logically that amounts to an admission that he personally received those amounts? I mean, I would say in terms of what is a binding judicial admission, I would focus on the answer, paragraphs 12 and 97, and the statements of undisputed fact. But are you arguing that he personally received the 1,757,000 or that the enterprise received it? I am arguing that the scheme, the two individuals who orchestrated the scheme, received it as part of the scheme. I hesitate, I can use the word enterprise as long as that is given the right context. So the problem is your opposing counsel argues that the statute says such defendant and then you cite to us case law, I don't think any from our circuit, that says, well, you know, any defendant, any one of the participants in the scheme can be liable for the entire amount of the gains from the scheme. But that's not exactly what the statute says, right? I mean, that is the way the courts have interpreted the statute. I think that is fitting with the statute in terms of both what the text is as well as what Congress intended to do with the statute. But such defendant, though, that's kind of what's troubling because, I mean, did you prove or do you say these pleadings show that Mr. Hussein himself gained that much money? I mean, there's a catch-22 here. The issue was taken off the table by what he said in his answer and in the statement of undisputed facts. So it strikes me as odd to say at this point in the future to say, oh, the commission didn't sort of prove up this issue. Our assumption was that that issue was not on the table and that any debate was between what is the amount of gross proceeds versus net profits, basically whether expenses should be factored in. But once that issue is taken off the table, it's a little unfair to ding the commission and the court that it didn't sort of look at evidence regarding what was basically the allocation of the money from this scheme. What's the correct legal principle? Like, how is the statute read correctly? Sure. I mean, the statute should be read correctly that when two individuals act in concert as part of a scheme that those two individuals can each enjoy the same dollar of gain in terms of gross pecuniary gain and that there is no tracing requirement, which is in essence what my friend is asking this court to impose. But the cases that I saw that came close to that and most of them were either unpublished or district court cases, and in those cases the defendants had baffled the effort of the government to allocate the proceeds. And I didn't see an allegation that Hussein had done that in this case. Is it your contention that he had attempted to obstruct any determination of which proceeds came to him personally? I mean, in two ways. One, by taking the issue off the table through his admission, but also Mr. Hussein was criminally convicted for obstruction of justice. Part of that involves scrubbing emails between him and Jacqueline. So I think that should certainly in the ledger sheet factor in favor of sort of what is the evidential determination. I mean, he was actually criminally convicted for not only coaching witnesses, but also eliminating evidence. So it's a little hard to say and it's a little nervy to say the commission or the court is at fault when evidence was removed from something that rose to the level of a criminal case. But was any of that obstruction related specifically to the calculation of the gross pecuniary gain to him? We'll never know what we don't know is sort of the bottom line, meaning we don't know what emails were scrubbed, but also I don't think the commission went down that path because until this appeal, the amount of gross pecuniary gain wasn't in dispute. The only dispute was what are the net profits. We obviously strongly disagree the idea that gross means net. I think that makes sense under the dictionary definition of the terms. But that issue is what was argued below. There's been a material shift in the argument from what the district court was presented with to what you're being presented with. And I don't think the district court should be deemed to have abused discretion by relying on the admissions before it. Can I ask another question? So if we agreed with you that abuse of discretion is the only test and I'm not conceding that that's my view of it, but if the test is abuse of discretion, how would we explain the disparity between Hussein and Jacqueline's situation? Sure. There's two reasons, Your Honor. One is Jacqueline settled and the courts have said that settling defendants can be treated differently, meaning it's not an abuse of discretion. But this is a huge disparity. I understand that. And I will say that I also think that timing of Jacqueline's criminal proceeding versus when this settlement was reached is critical. I think the commission basically declined to ask for a penalty in deference to what may happen in the criminal proceeding, meaning it knew that a criminal proceeding and a criminal sentencing for Jacqueline was coming up and it decided not to ask for a penalty to sort of wait to see how that transpired. And I don't mean wait in the sense that it could somehow ask for more later, but it basically deferred to the criminal prosecutors in terms of whether there'd be any additional sanction. So I think that is the explanation for the disparity. I don't think that disparity alone demonstrates an abuse of discretion. I was unable to find a case, and my friend has not presented any, that suggests that type of disparity would be an abuse of discretion. And didn't, in Mr. Hussain's criminal case, didn't the district court take a pretty lenient view of his scienter and culpability? Sure. I mean, I think you could read that that way. I will say, though, that, again, he was only, I shouldn't say only, he was charged with obstruction of justice. He was not charged with criminal securities fraud. So in terms of what the court was saying in terms of leniency or his views about Mr. Hussain, he was not talking about his participation or what he did in terms of violating the securities laws. I did want to mention one other thing I have, namely with regard to the Murphy factors and the application here. And a few quick points. First of all, the argument that Murphy is somehow inappropriate has been forfeited. It was not raised below. In fact, my friend actually, or I should say Mr. Hussain, advocated for the application of the Murphy factors. And in any event, Ninth Circuit courts routinely apply Murphy because the test provides a decent guidepost. And that's really what all of these multi-factor penalty tests are, are guideposts for a court that has to, under the statute, decide a penalty under the facts and circumstances. And each factor here, including Sienter's, high degree of Sienter, support the award here. But I think it's important to respond to one thing. There was a constant statement throughout my friend's presentation saying the court, what the district court believed was the max. I want to be clear, the district court didn't state anything about what the max may have been. And I'm not sure of anything that requires it. But $1.57 million was not the maximum penalty that Mr. Hussain could have received. The statute says the amount of penalty for each such violation shall not exceed either the statutory amount, which wasn't advocated for below, or gross pecuniary gain. So I'm not saying that the district court was given a request by the commission and it acted on it. But it is incorrect that $1.757 million was, in fact, the max under the statute because district courts have a lot of discretion in terms of deciding what each violation means. So the district court says in its order that his, Hussain's, gross pecuniary gain of $1.757 is undisputed. Is that based on the pleadings and the summary judgment? Yes. Because he makes that finding. Yes, he is making that finding, which is reviewed for abuse of discretion, and in other words saying, is there a clear error in that factual finding? And he's doing it because he adverts back to the commission's briefing, which cites those two paragraphs in the answer as well as the statements of undisputed fact. But I think this court can also take into account, if I could just finish my sentence, Your Honor, I'm done with time. Go ahead, finish your sentence. Yeah, I think the court can also take into account what the district court was presented with in terms of the summary judgment briefing, where again, Mr. Hussain is not arguing at all that his gross proceeds, that the gross proceeds were $1.757 million. What he's saying is that that should be reduced by a certain amount of net expenses. The argument has now shifted on appeal to something else, and we think that that should not be taken up by the court. As I said, I'm over time, so unless Your Honors have any further questions, I will grab a seat. Thank you, Your Honors. Mr. Walfish. Thank you, Your Honor. I have, pardon me, I have two or three points I want to make. Then, time permitting, I may address some other things. Mr. Hussain never took this issue off the table. That's why the SEC said, in its first summary judgment brief, again, quote, Hussain disputes the amount of proceeds received. That's at ER 161. Well, wasn't that because he was deducting the expenses? No, Your Honor. Hussain, no. It was undisputed here that the proceeds did not go to Hussain. That's not simply an issue of deducting proceeds. In But the district court made a finding that those were Mr. Hussain's proceeds. The district court didn't make a finding that those were The district court confused the statutory inquiry, which is gain to the defendant, with the gross proceeds from the scheme, which was the only thing that was not disputed. And in so doing, there was no record support for the idea that Hussain had 1.757 million of gain. And so even if abuse of discretion across the board were the right standard, and it's not, this penalty still would have to be vacated because there was no basis for the district court statement that the gain was undisputed. On the contrary, in the statements of undisputed facts supporting the summary judgment briefing at ER 71, paragraph 121 of the statements of undisputed facts, the escrow agent wired the sales proceeds to the nominee representative's bank account lest any amounts owed for Jaclyn's firm's legal fees. That's the SEC statement. Hussain admits it. Next, ER 73, paragraph 132. The law firm sends proceeds from the sales of the five companies to the offshore accounts of two entities, Lyric and Usino. Again, ER 73. Hussain responds to that. This is at ER 74. It is correct that some of the proceeds were sent to these offshore accounts, et cetera. Then he says, the amount of money sent and the extent of such proceeds that Mr. Hussain eventually received is in dispute, citing his declaration, which explains that third parties were involved here and were receiving a lot of this money as opposed to him. And, yes, some of it was... Isn't it also undisputed he controlled those companies? Absolutely, Your Honor. Thank you. A hundred percent. There is no, none of the SEC's evidence established that Hussain controlled those overseas entities. None of it. And the evidence, if anything, showed the opposite. Hussain forcefully contested it. And the district court didn't rely on those paragraphs. The district court did not rely on any of the paragraphs cited by my friend. And the district court didn't rely on the paragraphs I'm now citing here. The district court just conflated, it was a legal error, conflated the scheme proceeds with the individual gain. So, in terms of... Well, I see my time's expired. So, I thank the Court for its consideration. All right. Does anyone have any other questions? No? Okay. SEC v. Hussain will be submitted.
judges: WARDLAW, IKUTA, Vratil